United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-20131
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELISSA REYES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-437-10
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Melissa Reyes appeals her 12-month sentence for aiding and abetting possession with intent to distribute less than 50 kilograms of marijuana. She argues that her sentence must be vacated and her case remanded for resentencing because her sentence, based on facts that she did not admit in her guilty plea and that were not proven beyond a reasonable doubt, violated the principles announced by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After Booker, the Guidelines are advisory only. Booker, 543 U.S. 244, 259-60. As such, the Sixth Amendment does not impede a sentencing judge from finding all facts relevant to sentencing. United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied 126 S. Ct. 43 (2005); United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006).

Reyes was sentenced after the decision in Booker and pursuant to an advisory guidelines scheme. As such, the district court was allowed to consider all facts relevant to her sentence, including the quantity of marijuana her co-conspirators possessed. Her assertion that the district court's determination of drug quantity violated her Sixth Amendment rights fails. See Mares, 402 F.3d at 519.

Reyes next argues that her sentence was unreasonable because it was based on unproven relevant conduct. After Booker, appellate courts ordinarily will review sentences for reasonableness. Mares, 402 F.3d at 520. In Mares, this court explained that, under the discretionary sentencing system established by Booker, district courts retain the duty to consider the Guidelines along with the sentencing factors set forth in § 3553(a). Id. at 518-19.

In United States v. Smith, ___ F.3d___, 2006 WL 367011 at *2 (5th Cir. Feb. 17, 2006) (No. 05-30313), this court identified three categories of post-Booker sentences: (1) a sentence within a properly calculated Guidelines range; (2) a sentence that

includes an upward or downward departure as allowed by the Guidelines; and (3) a non-Guideline sentence (a sentence higher or lower than the relevant Guideline sentence).  Id.  Sentences within a properly calculated Guideline range are afforded a rebuttable presumption of reasonableness.  Id.  A sentence based on a downward departure is considered a sentence within a properly calculated Guideline range.  Id. (citing Mares, 402 F.3d at 519 n.7).

Contrary to Reyes's assertion, this court has held that her sentence is a Guidelines sentence that is presumptively reasonable.  See Smith, 2006 WL 367011 at *2.  Reyes has presented no evidence or argument to rebut the presumption.  Accordingly, her sentence if affirmed.

AFFIRMED.